Cite as 2019 Ark. App. 533

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-520

| | |
|---|---|
| KIMBERLY PACE | **Opinion Delivered:** November 13, 2019 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION |
| V. | [NO. 60JV-17-1434] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | |
| APPELLEES | HONORABLE WILEY A. BRANTON, JR., JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Appellant, Kimberly Pace, appeals a Pulaski County Circuit Court order terminating her parental rights to K.W. (born 11/28/17). Pace's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw, stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2019); *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004).

The clerk of our court mailed a certified copy of counsel's motion and brief to Pace's last-known address at the Arkansas Department of Correction informing her of her right to file pro se points for reversal, and Pace untimely filed pro se points. We affirm the court's decision to terminate Pace's parental rights to K.W. and grant counsel's motion to withdraw.

We review termination-of-parental-rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based on a finding by clear and convincing evidence that the termination is in the children's best interest. *Id.* The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract

and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).

The circuit court considered testimony, exhibits, and statements of the parties in deciding to terminate Pace's parental rights. The Arkansas Department of Human Services (Department) filed a petition for emergency custody and dependency-neglect on December 4, 2017, and attached an affidavit setting forth the following relevant facts: following K.W.'s birth, Pace tested positive for PCP, and K.W. tested positive for PCP and methamphetamine. Pace denied using methamphetamine and PCP but she admitted that she drank alcohol and used marijuana, and she explained that she had been around people using PCP. K.W. was admitted to the NICU and was treated for withdrawal. Pace told the caseworker that she has two other children living in California and that she did not have current addresses for those children. Pace acknowledged that she had been diagnosed with bipolar disorder and that she refused to take her medication. K.W. was removed from Pace's care and placed under a seventy-two-hour emergency hold.

The court entered the order for emergency custody and found that K.W. was dependent-neglected, and immediate removal from Pace's custody was necessary to protect the K.W. The court directed in the probable cause order that any relative interested in placement should submit to hair-and-urine-based drug screening and that a home study would be conducted.

Following K.W.'s removal, the circuit court ordered that Pace submit to random drug testing and that she be offered preadjudication reunification services. In an adjudication

3

order entered on February 13, 2018, the circuit court found that the ability to offer services to Pace, who was incarcerated, was limited. The court found that Pace had subjected K.W. to aggravated circumstances by exposing him to drugs while she was pregnant, and it was highly unlikely that services would result in reunification. Pace did not appeal the adjudication order.

In the permanency-planning order entered April 23, 2018, the circuit court found that Pace was still incarcerated, and it reiterated its finding that it was unlikely that services would result in reunification. The court found that Pace's testimony raised concern as to her trustworthiness and credibility and that she expressed no understanding of her mental-health issues and criminal history. In a second permanency-planning order entered October 5, 2018, the court stated that Pace had made some effort to comply with the case plan but that she had made no material progress toward reunification. She had submitted to a psychological evaluation, but the report was "not very encouraging." The court found that Pace had given up a child for adoption when she was fifteen years old, and drugs had been a factor in that situation as well. Pace admitted that she self-medicated with marijuana. The mental-health evaluation report set forth that "based on her scores in the evaluation, the possibility of an inability to maintain custody may be indicated[.]" Pace continued to test positive for PCP, and in September 2018, she refused to submit to a drug test. Though Pace had completed thirty-day in-treatment drug rehabilitation, she had not done the recommended follow-up care. Pace had been arrested again on drug-related charges, and

she could not provide a release date. The court found that the Department had made reasonable efforts.

The Department filed a petition to terminate Pace's parental rights and alleged the following three statutory grounds in support of the petition: (1) that the juvenile had been adjudicated dependent-neglected and continued out of the custody of the parent for twelve months, and despite meaningful effort by the Department, the parent failed to correct the conditions that caused removal;[1] (2) the "other factors" ground—that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent;[2] and (3) the "aggravated circumstances" ground—that the parent is found by a court of competent jurisdiction to have subjected any juvenile to aggravated circumstances, which means, among other things, that a determination has been or is made by a judge that there is little likelihood that services to the family will result in

---

[1]Ark. Code Ann. § 9–27–341(b)(3)(B)(i)*(a)* (Supp. 2017).

[2]Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)*(a)*.

5

successful reunification.[3] The Department asserted that K.W. is adoptable, and he is a happy, healthy child.

The circuit court held a termination hearing, and caseworker Tameka Jones testified that Pace had refused a drug test in September and tested positive for drugs during treatment. Jones recounted that Pace had been arrested in August and again in December and that Pace had been sentenced on January 24, 2019, to twenty-four months' incarceration. Counsel for Pace stated that though home studies had been done in California, the results were not back, and "it takes a while for California." The adoption specialist testified that K.W. is adoptable with no major health or developmental issues and that data matching had resulted in 451 adoptive-family matches.

The court entered the order terminating Pace's parental rights on March 28, 2019, based on the three grounds alleged by the Department. The court relied on the adoption specialist's testimony that K.W. is adoptable and that he matched with 451 potential adoptive families. The court found there is potential for harm if K.W. is returned to Pace's custody considering her drug issues and instability.

We hold that there is sufficient evidence to support termination on the aggravated circumstances ground. Pace's drug issues and mental health issues continued throughout the case. The circuit court's finding that there is little likelihood that services would result in reunification is based on clear and convincing evidence.

---

[3]Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)*(a)(3)*.

The court's finding that it was in the K.W.'s best interest for Pace's rights to be terminated is also sufficiently supported by the record. The circuit court found that K.W. is adoptable and that the adoption specialist testified that there were 451 potential matches in the system and no barriers to adoption. The circuit court's decision to terminate Pace's parental rights is not clearly erroneous given the evidence that was before the court.

Other than the decision to terminate Pace's parental rights, there were no other adverse rulings.

Having reviewed the record and counsel's brief, we agree with counsel that an appeal from the circuit court's decision to terminate Pace's parental rights would be wholly without merit.

Because Pace's counsel has adequately addressed the sufficiency of the evidence in the no-merit brief and has complied with the requirements of *Linker-Flores* and this court's rules, we affirm the circuit court's termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and HIXSON, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

One brief only.